

Signed and Filed: January 2, 2013

_____
**THOMAS E. CARLSON**
**U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

```
In re                              )  Case No. 11-32999 TEC
                                   )
PAYMON GHAFOURI,                   )  Chapter 7
                                   )
                                   )
                                   )
                Debtor.            )
_____)  Adv. Proc. No. 11-3215 TEC
MICHAEL DURKIN and JOYCE DURKIN,   )
                                   )
                Plaintiffs,        )
                                   )
     vs.                           )
                                   )
PAYMON GHAFOURI,                   )
                                   )
                Defendant.         )
_____)
```

### MEMORANDUM DECISION

The above-entitled action came to trial on June 7, 2012. Agustin R. Pina appeared for Plaintiffs. Jackson A. Morris, III appeared for Debtor. On December 17, 2012, I reviewed the evidence by re-reading all of the exhibits, and by listening to the recording of both the testimony introduced at trial and Debtor's testimony at the meeting of creditors. Upon due consideration, I issue the following memorandum decision, which shall constitute my findings of fact and conclusions of law.

MEMORANDUM DECISION                -1-

Debtor filed a chapter 7 petition in this court on August 15, 2011. Plaintiffs filed a timely action seeking to deny Debtor's discharge under section 727(a)(2) and (a)(4), alleging that Debtor concealed assets and made false statements in his schedules and statement of financial affairs.

This court has subject-matter jurisdiction over the present action under 28 U.S.C. § 1334(b). This denial-of-discharge action is a core proceeding under 28 U.S.C. § 157(b)(2)(J).

To be the basis for denial of discharge, a failure to disclose assets or a false statement in the schedules or statement of financial affairs must relate to a fact material to the case and must be done knowingly with the intent to defraud creditors. <u>Retz v. Samson (In re Retz)</u>, 606 F.3d 1189, 1197 (9th Cir. 2010). The fact that a misstatement of fact is not likely to have a material effect on creditors or the administration of the bankruptcy case is relevant in determining whether a misstatement was made with intent to defraud.

A.  ALLEGED CONCEALMENT OF ASSETS

   1.  <u>Real Property in Iran</u>. Plaintiffs contend that Debtor failed to schedule an interest he had in real property in Iran. Debtor testified that he owned no such property. He testified that his father had owned real property in Iran and that he could have inherited an interest in that property, but that he renounced this inheritance years before filing his chapter 7 petition. Plaintiffs introduced no testimony rebutting Debtor's testimony or otherwise showing that Debtor owned real property in Iran on the petition date.

   2.  <u>Watches</u>. Plaintiffs contend that Debtor failed to

**MEMORANDUM DECISION** -2-

schedule two expensive watches that he owned: a Breitling and a Rolex. Debtor testified that he pledged the watches to his brother as security for repayment of a loan more than two years before the petition date. Debtor also testified that the Breitling was not genuine, that the Rolex was several years old, and that before the petition date he surrendered all interest in the watches by agreeing to allow his brother to sell the watches and apply any proceeds to his debt. Plaintiffs introduced no evidence contradicting Debtor's explanation. To the extent that the surrender was a separate transfer made within two years of the petition date, I find no evidence that Debtor failed to disclose the surrender with intent to defraud creditors.

     3. <u>Commission Check</u>. Debtor is a real estate agent doing business through his wholly-owned corporation, Ghafouri Inc. (the Corporation). Plaintiffs contend that Debtor attempted to defraud the estate by concealing a $17,000 commission check. Debtor acknowledges that he did not list the check as an asset in his schedules and that he waited until after the petition date to deposit the check. Debtor testified that he did not deposit the check until after the petition date to preserve it from Plaintiffs' judgment lien. He also testified that the commission belonged to the Corporation, that he deposited it into the Corporation's bank account, and that he disclosed his ownership of the Corporation in his schedules. Plaintiffs introduced no evidence to rebut Debtor's testimony that the commission belonged to the Corporation. Debtor explained his handling of the check in a forthright manner at the meeting of creditors. I find that Debtor did not attempt to defraud creditors with respect to this matter.

**MEMORANDUM DECISION** -3-

4. <u>Valuation of Corporation</u>. Plaintiffs contend that Debtor undervalued the Corporation by scheduling it as having no value. Debtor testified that although the Corporation had assets, its liabilities exceeded those assets. Plaintiffs introduced no evidence concerning the liabilities of the Corporation. Plaintiffs have failed to carry their burden of proof on this issue.

5. <u>Bank account</u>. Plaintiffs contend that Debtor intentionally failed to schedule a personal bank account at First Republic Bank. Debtor testified that he had withdrawn all funds from the account approximately two years before the petition date. Plaintiffs introduced no evidence to controvert Debtor's testimony or otherwise show that Debtor had any undisclosed bank accounts in which he held any funds as of the petition date. On the basis of the evidence before the court, I determine that Debtor did not fail to list any bank account with the intent to defraud creditors.

B. FALSE OATHS RELATED TO SECTION 707(b)

Plaintiffs contend that Debtor made various misrepresentations in the schedules, in the statement of financial affairs, and the Form B22, for the purpose of concealing that his chapter 7 case was subject to dismissal for "substantial abuse" under section 707(b). Specifically, Plaintiffs contend that Debtor: (1) understated rental income on Form B22; (2) failed to include as income on Form B22 and Schedule I personal expenses paid by the Corporation; and (3) claimed as an expense on Schedule J home mortgage payments that he was not making.

The evidence does not support a finding that Debtor made any of these alleged misstatements with the intent to deceive or defraud his creditors.

**MEMORANDUM DECISION** -4-

1. <u>Rental Income</u>.  Debtor showed gross monthly rental income of $3,250 and related monthly expenses of $3,250 in Part II(4) of Form B22.  Plaintiffs introduced evidence that Debtor's actual gross rental income was sometimes as much as $7,300 per month.  Debtor testified that the debt service ($6,900) and taxes ($1,500) together always exceeded the rents received on the property.  Plaintiffs did not rebut this testimony, and Debtor's testimony regarding debt service was corroborated by the amount due on the mortgages encumbering the property ($1,830,000 as of the petition date).  Thus, Debtor's description of his rental income was correct in the most fundamental respect – that he had no net rental income after payment of debt service and operating expenses.  That Debtor was unable to make the mortgage payments on the rental property does not make this representation fraudulent.  It would have been misleading for Debtor to represent that the property produced net income, because Debtor could not expect to keep the property without paying debt service.  Part II(4) of Form B22, which directed Debtor to deduct "ordinary and necessary business expenses" related to the rental income, invited Debtor to treat the mortgage and tax payments as he did.

2. <u>Vehicle Expenses</u>.  Debtor acknowledged at trial that the Corporation paid all expenses related to three vehicles, and that he used these vehicles for personal transportation as well as for Corporate business.  Debtor did not show the value of personal use of the vehicles as income on Form B22.  While Debtor's use of Corporate vehicles for personal transportation might constitute income to him, I find that Debtor did not act with intent to deceive or defraud creditors in failing to schedule that use as

MEMORANDUM DECISION            -5-

income. First, the Corporation had a legitimate need to maintain the vehicles. The Corporation was a real estate brokerage, and it is customary for such businesses to maintain expensive vehicles. Second, Plaintiffs made no effort to show that Defendant understood that personal use of Corporate vehicles should be treated as income. Third, it is doubtful that the value of Debtor's personal use of the vehicles was material to the determination whether Debtor's chapter 7 case was subject to dismissal for substantial abuse. Debtor's income and expenses would be subject to review for substantial abuse under Form B22 only if his income exceeded the state median income. Debtor's reported income was below median income by $845 per month. This means that the value of Debtor's personal use of Corporate vehicles would have to exceed $845 per month before it would cause Debtor to rise above median income and require him to complete the remainder of Form B22.

  3. <u>Home Mortgage Payments</u>. Debtor acknowledged at trial that he was not making payments on the mortgage on his residence but listed those mortgage payments as an expense on his Schedule J.[1] Debtor testified at trial that he listed the mortgage payment on Schedule J because he considered it to be an obligation that he owed, even if he was unable to pay that obligation. I find that Debtor did not intend to deceive or defraud creditors in the manner in which he depicted his housing expense. First, the mortgage payment was in fact a valid legal obligation, and Plaintiffs did

---

[1] Debtor did not list the mortgage payments on his residence as an expense on his Form B22. Because his income was below the state median income, he was not required to complete Parts IV - VII of that form, where that expense would be listed.

**MEMORANDUM DECISION**    -6-

not attempt to show that Debtor understood that it was improper for him to list that obligation as an expense in Schedule J if he was not actually making the payments. Second, it is doubtful that any misstatement regarding the mortgage payment was material. If Debtor were to abandon the residence, he would incur a significant expense in renting a home for his family of five. His Schedule J showed a monthly deficit of $8,995. If the mortgage payment of $10,300 were replaced by a rental expense of $1,305 or more, Debtor would still have no disposable income with which to pay creditors.

    4. <u>Other Issues</u>. Although Plaintiffs asserted in their trial brief that Debtor overstated other expenses, Plaintiffs failed to introduce evidence of those misstatements at trial.

    This decision does not resolve all claims against all parties. Debtor asserted a counterclaim seeking to have Plaintiffs' judgment lien avoided under section 522(f) of the Bankruptcy Code on the basIs that the lien impairs Debtor's exemptions. That lien-avoidance counterclaim does not arise from the same nucleus of operative facts as Plaintiffs' denial-of-discharge claim. Neither side offered any evidence at trial regarding the lien-avoidance counterclaim. The court will direct the Clerk to enter judgment immediately on the denial-of-discharge claim under Rule 54(b). The court will set a status conference regarding the lien-avoidance counterclaim.

CONCLUSION

    Plaintiffs failed to show that Debtor concealed any asset or made any misstatement of fact with intent to deceive or defraud his creditors. Plaintiffs' objection to Debtor's discharge is

**MEMORANDUM DECISION** -7-

overruled.

**\*\*END OF MEMORANDUM DECISION\*\***

MEMORANDUM DECISION -8-